WILLIAM F. ROEBUCK and Another v. JOHN STEPHENSON and Another.[1]

November 2, 1906.

Nos. 15,039—(49).

Appeal by defendants from an order of the district court for Polk county, Watts, J., denying a motion for a new trial and for leave to file amended answer. Affirmed.

*J. A. Hendricks*, for appellants.

*Ole J. Vaule* and *Wm. P. Murphy*, for respondents.

PER CURIAM.

This action was brought upon a written contract to recover the value of certain jewelry alleged to have been sold, and delivered by plaintiffs to de-

[1]Reported in 109 N. W. 1134.

fendants thereunder. When the action came on for trial, defendants attempted to prove that they were induced to sign and execute the contract by the false and fraudulent representations of plaintiffs' agent as to its contents, and that the writing did not express the terms and conditions of the transaction as actually agreed upon by the parties. The court excluded the evidence offered for this purpose on the ground that the answer wholly failed to allege a defense in this respect. Whereupon defendants applied for leave to amend their answer by setting up the suggested fraud. An amendment was submitted to the court in writing, and the court refused to permit it to be made on the ground that it, together with the original answer, failed to allege facts sufficient to show a right in defendants to be relieved from the terms of the written contract. A verdict was then directed for plaintiffs, and defendants appealed from an order denying their motion for a new trial.

We have examined the amended answer of defendants with care, and concur in the conclusion reached by the learned trial court, that it fails to state an equitable defense. It wholly fails to allege any acts or misrepresentations by plaintiffs' agent by which defendants were induced, or upon which they relied, in signing the contract in question. In short, it fails to allege any fraud sufficient to relieve defendants from the performance of the contract. It would serve no useful purpose as a precedent to here set out the answer and the proposed amendment in full. We content ourselves with the statement already made, that the answer is insufficient, the trial court properly declined to permit it to be filed, and was justified in directing a verdict for plaintiffs. The motion to amend the answer made at the time the motion for a new trial was presented was addressed to the discretion of the court, in refusing which we discover no error.

Order affirmed.